UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 16-5765 |
| ROBERT C. TANNER ET AL. | SECTION "I"(2) |

### ORDER AND REASONS

Plaintiff, Andrew David Wetzel, is a prisoner currently incarcerated in the David Wade Correctional Center ("DWCC") in Homer, Louisiana.[1] He is a frequent filer of frivolous lawsuits in the federal courts.

Wetzel filed the instant complaint pursuant to 42 U.S.C. § 1983 against Warden Robert C. Tanner of the B.B. "Sixty" Rayburn Correctional Center ("RCC") and eight "John Doe" correctional officers from RCC alleging that he was assaulted by two known sexual predators at RCC, and the defendants failed to stop the attacks and/or failed to train the officers. Wetzel seeks monetary damages from each defendant. Wetzel indicates in a separate pleading submitted with the complaint that these same claims are also pending in a lawsuit he filed in the state court in Washington Parish.

Wetzel also sued Warden Jerry Goodwin of DWCC, Assistant Warden Angie Huff, Colonel Lennie Nail and Officer Mark Hunter claiming that he was attacked at DWCC by a sexual predator, who also was his known enemy. He also claims that these

---

[1] Rec. Doc. Nos. 5, 6.

defendants failed to prevent the attack and/or failed to train the officers. Wetzel seeks monetary damages from each defendant. The alleged failure to protect incidents at DWCC also form the basis of a lawsuit currently pending in the United States District Court for the Western District of Louisiana, <u>Andrew Wetzel v. Jerry Goodwin, et al.</u>, Civ. Action 5:16-cv-0616 (W.D. La. 2016).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, ("PLRA") now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to Section 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that plaintiff has filed more than 40 civil lawsuits in this federal court. At least twelve of his prior civil complaints, filed while plaintiff was incarcerated, were dismissed as frivolous and/or for failure to state a claim for which

relief can be granted.  These include, but are not limited to, the following case: Andrew Wetzel v. Rodney Strain, et al., Civ. Action 09-7637"C"(4); Andrew Wetzel v. Rodney Strain, et al., Civ. Action 09-7633"R"(3); Andrew David Wetzel v. Judge Richard A. Swartz, et al., Civ. Action 09-7380"S"(5); Andrew Wetzel v. Judge Allison Penzato, et al., Civ. Action 09-7211"C"(1).

Wetzel has also since has been barred on at least 23 occasions from proceeding with his civil complaints as a pauper in this court pursuant to 28 U.S.C. §1915(g).  See e.g., Andrew D. Wetzel v. Judge Richard A. Swartz, et al., Civ. Action 14-2527"R"(4); Andrew D. Wetzel v. La. Dep't of Corrs., et al., Civ. Action 13-5484"B"(1); Andrew David Wetzel v. Warden Jerry Goodwin, et al., Civ. Action 13-3478"N"(5); Andrew D. Wetzel v. Warden Robert Tanner, et al., Civ. Action 13-2487"B"(3).

Despite the three-strikes bar against further civil filings by Wetzel, however, the court allowed him to proceed with C. A. No. 12-1550"A"(2), given that he asserted facts sufficient to establish imminent danger of serious physical injury at the time of filing. Although Wetzel attempts to avoid the bar again in this case by asserting that he is in imminent danger of serious physical injury, his circumstances are different then they were in the prior action, and he has not established facts to support imminent danger in this instance.

Imminent danger refers to threats which are "real and proximate," meaning "a genuine emergency where time is pressing." See e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Banos v. O'Guinn, 144 F.3d 863, 884-85 (5th Cir. 1998). Plaintiffs must state specific facts, not conclusory allegations to establish this level of urgent concern for their physical safety. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986). In addition, to avoid the Section 1915(g) bar, an allegation of imminent danger must relate to the claims forming the basis of the complaint, and the claim for relief must be for the alleviation of that threat of harm. Judd v. Federal Election Commission, 311 F. App'x 730, 731 (5th Cir. 2009); Crooker v. United States, No. 11-10495, 2011 WL 1375613, at *2 (D. Mass. Apr. 2, 2011).

In this case, Wetzel does not establish specific facts to support his conclusory and unsubstantiated allegation regarding imminent danger of serious physical injury. His complaint addresses only past incidents of harm at RCC and DWCC. He does not allege or show that he is now or was in imminent danger of further harm at the time he filed this complaint. See Banos, 144 F.3d at 883; Cloud v. Stotts, 455 F. App'x 534 (5th Cir. 2011). Allegations of past harms or dangers do not suffice to overcome the three-strikes bar. Banos, 144 F.3d at 884.

Wetzel is no longer housed in RCC where a majority of the alleged sexual attacks occurred. He therefore cannot establish that he could be in imminent danger of physical harm related to his claims against Warden Tanner or the unknown RCC defendants.

As for Wetzel's claims against the DWCC officials, other than stating that he is still housed in that facility, he has not alleged or shown that he remains in danger of other harm. In addition, Wetzel does not seek relief from this court related to an imminent danger or the prevention of some future impending danger. Instead, he seeks only monetary compensation for the alleged past harm arising from the DWCC defendants' alleged failure to protect and failure to train. The pursuit of monetary compensation, even with nothing more than speculation of future harm, does not suffice to overcome the bar under Section 1915(g).

Wetzel has a pending lawsuit against the same DWCC officials in the Western District of Louisiana, in which he asserted claims for failure to protect him from identified enemies and seeks in part prospective injunctive relief to prevent further harm to him. That suit was signed and submitted by Wetzel to the Western District on April 25, 2016, which was <u>before</u> submission of this complaint. As a result, the claims before this court would be duplicative and malicious under the PLRA. Thus, even if imminent danger is presumed and pauper status granted for Wetzel to pursue the claims against the DWCC defendants, his petition would be frivolous, malicious and subject to dismissal

as repetitive of pending federal civil rights litigation. 28 U.S.C. §§ 1915(e)(2) and 1915A(b); <u>Potts v. Texas</u>, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing <u>Pittman v. Moore</u>, 980 F.2d 994, 994-95 (5th Cir. 1993); <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988)).

For the foregoing reasons, Wetzel is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the PLRA and Section 1915(g). Accordingly, **IT IS ORDERED** that Andrew Wetzel's motion to proceed in forma pauperis is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this   3rd   day of June, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE